IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 06-cv-00854-WDM-CBS

EDWARD IVKOV,
KIMBERLY IVKOV,

    Plaintiffs,

v.

PROGRESSIVE HALCYON INSURANCE COMPANY,

    Defendant.

_____

**ORDER TO REMAND**
_____

This matter is before me on plaintiffs' Motion to Remand (Doc. No. 12) and Defendant's Request for Oral Argument on Plaintiffs' Motion to Remand (Doc. No. 19). This case has been pending in Boulder County District Court since 2003. In April 2006, the trial court severed this case from several other claims, granted the plaintiffs' request to add Progressive Halcyon Insurance Company (Halcyon) as a party in place of Progressive Casualty Insurance Company (Casualty), the original defendant, and directed that plaintiffs file an amended complaint against Halcyon. Defendant removed this case claiming it was entitled to do so as a new action triggering the opportunity for removal under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(CAFA). Plaintiffs' motion to remand asserts that the removal was not timely because the amended complaint was not a new action and, consequently, the notice of removal was not

within the 30-day or 1-year deadline established in 28 U.S.C. § 1446(b).

Consistent with the ruling of several of my colleagues, I have previously decided that the mere severance and filing of the amended complaint did not trigger the right to remove under CARA.  See 06-cv-00692-WDM-MEH, *Flom v. Liberty Mutual Fire Ins. Co.*; 06-cv-00550-REB-MEH, *Briggs v. Geico General Insurance Co.*; 06-cv-00558-LTB-CBS, *Thacker v. Farmers Insurance Exchange, et al.*; 06-cv-00530-MSK-PAC, *Toutant v. Nationwide Mutual Insurance Co.*; 06-cv-00529-MSK-CBS, *Robbins v. Amica Mutual Insurance Co.;* 06-cv-00551-WYD-MEH*, Gall v. Government Employees Insurance Co.*; and 06-cv-00531-WYD-MEH, *Lally v. Country Mutual Insurance Co.*

However, this case presents an additional, distinct issue: the replacement of the original defendant (Casualty) with a new, albeit a related party (Halcyon).  Progressive is a subsidiary of Progressive Corporation while Halycon is a subsidiary of Progressive Direct Holding which is a subsidiary of Progressive Corporation.  Defendant relies on several cases concluding that the relation back theory was inapplicable when a new party was added, even if the new party had some corporate relationship to the original party.  See Olin *v. George E. Logue*, *Inc.*, 119 F.Supp 2nd 464 (M.D. Pa. 2000); *Robinson v. Holiday Universal, Inc.*, 2006 WL 470592 (E.D. of Pa. 2006); *Schillinger v. 360Network USA, Inc.* 2006 WL 1388876 (S.D. Ill. 2006); *Tiffany v. Home Town Buffet, Inc.*, 2006 WL 1749557 (N. D. Ca. 2006).

Plaintiffs respond that the issue is not determined by simple application of an arbitrary rule that a new party triggers the running of a new statute of limitations without consideration of relating the filing back to the original complaint date.  I agree that the

2

relation back issue must be decided by me.

In determining whether there should be a relation back, I need to follow the Colorado Rules of Civil Procedure.  Rule 15(c) generally provides that the amendment should relate back when the amended pleading arises out of the same conduct or occurrence set forth in the original complaint.  In addition, if a new party is added by the amendment the same rule should apply if that party: "(1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."  C.R.C.P. 15(c).  *Prime Care of Northeast Kansas, LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1289, note 6 (10th Cir. 2006).

Colorado law applies the relation back principle to adding a party when: "(1) the amended complaint must arise out of the same transaction or conduct set forth in the original complaint; (2) the substituted party must receive notice of the action within the period of the applicable statute of limitations such that the substituted party would not suffer prejudice; and (3) the substituted party knew or should have known that the action would have been brought against it if the plaintiff had not made a mistake concerning the identity of the proper party."  *Trigg v. State Farm Mutual Automobile Ins. Co.*, 129 P.3d 1099, 1102 (Colo. 2005).

The record makes plain that each of the these factors favors relation back.  First, the amended complaint is essentially identical to the original complaint.  Second, *Halcyon* has had full notice of this action and will suffer no prejudice.  Indeed, as

plaintiffs point out, Casualty admitted that it was the insurer, albeit mistakenly, and it was Halcyon (and Casualty) acting through the same counsel who actually advised the plaintiff that the true insurer was Halcyon rather than Casualty.  My limited imagination prevents me from fabricating how a sister entity in these circumstances could be prejudiced.  With regard to the third and final factor, certainly Casualty and Halcyon should have known from their own records that the plaintiffs were mistaken about the identity of the proper party.  Accordingly, I conclude that the amendment does relate back to the original filing date and defendant's removal was untimely.

Plaintiffs' request for attorney fees should be denied for the same reasons stated in my order to remand in Case No. 06-cv-692-WDM-MEH.  Indeed, given the additional issue of a new party, there was a more objectively reasonable basis for defendants to seek removal.

It is therefore ordered:

1.  Plaintiffs' motion to remand (Doc. No. 12) is granted;

2.  Plaintiffs' request for attorney fees and costs is denied;

3. Defendant's request for oral argument (Doc. No. 19) is denied as moot; and

4.  The Clerk of the court shall remand this case to the District Court of Boulder County, Colorado.

DATED at Denver, Colorado, on November 6, 2006.

BY THE COURT:

s/ Walker D. Miller

United States District Judge